UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STRUBE CELERY & VEGETABLE CO., et al | : |
| Plaintiffs | : |
| v. | : Case No. 1:06-cv-1533-LJM-WTL |
| GLOBAL FOODS, LLC, et al | : |
| Defendants | : |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Strube Celery & Vegetable Co. and Panama Banana Dist. Co. filed a civil action alleging violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and other causes of action against Defendants Global Foods, LLC, Moises Villagran, Marc Vaccaro, Advantage Co., LLC, MAV Holdings, LLC and MV, LLC. The complaint seeks an order enforcing payment from the produce trust established under PACA and damages.

The Court has subject matter jurisdiction over this action. 7 U.S.C. §499e(c)(5).

On October 19, 2006, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court issued an Order to Show Cause and Temporary Restraining Order enjoining defendants from alienating or dissipating any assets of defendant Global Foods, LLC and ordering defendants to show cause on October 26, 2006 why an Order for Preliminary Injunction should not issue.

The standard for granting injunctive relief in the Seventh Circuit requires the court to consider four factors in deciding whether a preliminary injunction should be granted: (1) whether the Plaintiffs have a reasonable likelihood of success on the merits; (2) whether the Plaintiffs will have an adequate remedy at law or will be irreparably harmed if the

injunction does not issue; (3) whether the threatened injury to the Plaintiffs outweighs the threatened harm the injunction may inflict on defendants; and (4) whether the granting of the preliminary injunction will disserve the public interest. Faheem-El v. Klincar, 841 F.2d 712 (7th Cir. 1988); Lawson Products, Inc. v. Avnet, Inc., 782 F.2d 1429 (7th Cir. 1986); Martin v. Helstad, 699 F.2d 387, 389 (7th Cir. 1983). The instant claim for relief meets each of these tests, and accordingly, should be granted in all respects.

Having considered the motion, the memorandum of law in support, the affidavits of Plaintiffs' representatives in support of the motion, the court finds that Plaintiffs have established (1) that irreparable harm is likely to result if injunctive relief against Defendants is not ordered pending further court proceedings and (2) a substantial likelihood of success on the merits of its PACA claim against Defendants.

Plaintiffs offer evidence, through the affidavit of Plaintiffs' representatives, that Plaintiffs are trust creditors of Global Foods, LLC under Section 5(c) of the PACA, 7 U.S.C. §499e(c), which have not been paid for produce in the aggregate amount of $29,518.00, supplied to Defendants between July 11, 2006 and August 15, 2006, as required by PACA. The evidence also reveals that Defendants: 1) have ceased operations; 2) are in the process of liquidating the assets of Global Foods LLC; and 3) tendered a check to plaintiff Panama Banana Dist. Co. in the amount of $5,195.50 which was returned by the bank due to insufficient funds.

A PACA trust exists for the benefit of all of the debtor's unpaid produce suppliers. 7 U.S.C. §499e(c)(2). Congress has recognized that there is irreparable harm if PACA trust assets are dissipated because it is almost impossible for a beneficiary to obtain recovery once there has been dissipation from the trust. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990) (citing legislative history); *Tanimura & Antle, Inc. v. Packed Fresh*

*Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000). In this case, Plaintiffs have demonstrated a strong likelihood of success on the merits. In addition, Defendants' failure and inability to pay, the closing of the business and the passing of an insufficient funds check indicate a strong showing of irreparable injury in the form of dissipation of trust assets. *Frio Ice*, 918 F.2d 154; *Tanimura & Antle*, 222 F.3d 132.

Finally, the benefits of the injunction outweigh any harm to Defendants, and the issuance of the injunction will preserve the *status quo* and is not contrary to the public interest. 7 U.S.C. §499e(c)(1).

## PRELIMINARY INJUNCTION ORDER

**IT IS ORDERED** that Plaintiffs' Motion for Preliminary Injunction is granted.

**IT IS FURTHER ORDERED** that Defendants, their customers, agents, officers, subsidiaries, assigns, partners, banking institutions and/or related entities, shall not alienate, dissipate, pay over or assign any assets of Defendant, Global Foods, LLC, or their subsidiaries or related companies except as set forth herein.

**IT IS FURTHER ORDERED** that within five (5) business days of the date of this Order, Defendants shall supply to Plaintiffs' counsel the following documents regarding the assets of Global Foods, LLC, and their related or subsidiary companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection purposes, and all records, such as checking account registers, showing how any funds received from the sale of produce were spent in the last eight (8) months.

**IT IS FURTHER ORDERED** that Defendants and/or any banking institutions shall, within two (2) business days of service of this Order, pay any and all funds realized from the sale of produce or products derived from produce in their possession up to

$29,518.00 to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for Plaintiffs, for payment to Plaintiffs.

**IT IS FURTHER ORDERED** that any and all funds belonging to Defendant Global Foods, LLC, in the possession of third parties, including all funds belonging to Defendants on deposit at banking institutions, up to $29,518.00, shall be immediately paid to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for Plaintiffs, for payment to Plaintiffs.

**IT IS FURTHER ORDERED** that the attorneys for Plaintiffs are hereby authorized and directed to collect all outstanding accounts receivable of Defendant Global Foods, LLC, and transfer said collections to Plaintiffs until Plaintiffs receives full payment, and that Defendants are required to fully cooperate with Plaintiffs' attorneys in providing any necessary testimony and/or documents to effect collection.

Dated: _Oct 26, 2006_

_____
Chief Judge Larry J. McKinney
United States District Judge