UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STRUBE CELERY & VEGETABLE CO., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:06-cv-1533-LJM-WTL |
| GLOBAL FOODS, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

## **ORDER**

This matter pends on a Motion for Summary Judgment filed by plaintiffs, Strube Celery & Vegetable Co. ("Strube") and Panama Banana Dist. Co. ("Panama Banana") (collectively, "Plaintiffs"). Defendants, Global Foods, LLC ("Global Foods"), and Moises Villagran ("Villagran") (collectively, "Defendants"), have failed to respond to the motion even though this Court gave them an extension of time to file a response to December 3, 2007.

There is no genuine dispute of material facts. The facts are set out in Strube's motion:

1. Strube is an Illinois corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce. Strube was subject to and licensed under the Perishable Agricultural Commodities Act ("PACA") with license number 19000288.

2. Panama Banana is an Illinois corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce. Panama Banana was subject to and licensed under PACA with license number 191537729.

3. Global Foods was a dealer of produce licensed under PACA as a dealer.

4. Villagran was the managing member and an officer and director of Global Foods. As the managing member and an officer and director of Global Foods, Villagran was in a position of

control over PACA trust assets belonging to Plaintiffs and, in fact, did control Plaintiffs' PACA trust assets.

5. Strube sold to Defendants, in interstate commerce, various wholesale lots of produce worth $20,650.01.

6. Panama Banana sold to Defendants, in interstate commerce, various wholesale lots of produce worth $4,514.49.

7. Strube and Panama Banana duly delivered the aforesaid produce to Defendants, which Global Foods and Villagran accepted.

8. At the time of receipt of the produce, Plaintiffs became beneficiaries in a statutory trust, preserved in the aggregate amount of $25,164.50, designed to assure payment to produce suppliers.

9. The trust consists of all produce and produce related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.  7 U.S.C. 499e(c)(2).

10. Plaintiffs preserved their trust rights under PACA by including the requisite PACA trust language required by 7 U.S.C. 499e(c)(4) on its invoices to Defendants.

11. Strube is presently owed the amount of $20,650.01, plus interest and attorneys' fees, under PACA.

12. Panama Banana is presently owed the amount of $4,514.49, plus interest and attorneys' fees, under PACA.

PACA requires produce dealers to make "full payment promptly" for any produce they purchase.  Clearly the statute imposes a trust upon the amounts of money listed above.  Clearly Plaintiffs provided notice to Defendants, the buyers, of their intent to preserve their rights and of

Defendants' duty to preserve trust benefits. Defendants have failed to maintain the trust as required. Defendants also have failed to pay the amounts impressed with the trust.

Villagran, as an individual who is in a position to oversee the trust and who did not do so, has breached his fiduciary duty imposed by the statute and is individually liable.

For these reasons, Plaintiffs are entitled to judgment as a matter of law on their claims against Defendants.

## CONCLUSION

For the reasons stated herein the Court **GRANTS** plaintiffs', Strube Celery & Vegetable Co. and Panama Banana Dist. Co., Motion for Summary Judgment.  Each defendant, Global Foods, LLC, and Moises Villagran, is hereby jointly and severally liable to plaintiffs, Strube Celery & Vegetable Co. and Panama Banana Dist. Co., in the total amount of $25,164.50, plus interest and attorneys' fees.  Judgment shall enter accordingly.

IT IS SO ORDERED this 21st day of December, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed to:[1]

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Sean M. Clapp
sean@seanmclapp.com

---

[1] Please note that the court will not mail a copy of this entry to any attorney of record who has not provided his or her e-mail address to the court.  As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b).  It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they will receive notice of future entries from the court by e-mail.  Information on how to register can be found on the court's website at http://www.insd.uscourts.gov/ecf_info.htm.